### E. MIKALEMI *vs.* W. C. JONES, Police Justice.

#### MANDAMUS. BEFORE JUDD, J.

#### MAY, 1876.

A Police Justice noted on his record that a party appealed to the Supreme Court. Persons present in Court, including the interpreter, testified that the appeal was expressed to be to the Intermediary Court.

The Court orders the appeal certified to the Intermediary Court.

#### DECISION OF JUDD, J.

This is an application for a mandamus to compel the Police Justice of Honolulu to grant a certificate of appeal (in the case of *Kahananui vs. E. Mikalemi,*) from his Court to one of the Judges of the Supreme Court, sitting as the Intermediary Court for the Island of Oahu.

It seems that the Police Justice, after repeated continuances of the case at the request of the defendant Mikalemi, finally heard the case and gave judgment in favor of the plaintiff on the 15th day of February, 1875. Thereupon Mr. Keliipio, the defendant's attorney, noted an appeal, and he says it was noted to one of the Justices of the Supreme Court, sitting in place of the Circuit Court of the Island of Oahu. The Police Justice, however, noted it in his record as an appeal to the Supreme Court, and the Deputy Marshal, who keeps the costs account, noted it in his book to the Supreme Court. The case went, accordingly, on to the calendar of the Supreme Court for the April Term, 1876, and on the opening day of the term, Mr. Green, counsel for the plaintiff, moved a continuance, for the reason that his client had met with an accident and could not attend. Mr. Keliipio being present, consented to the continuance, and explains his apparent waiver of the objection now made, by stating that he had not met his client Mikalemi since the trial in the Police Court up to that day, and he supposed that his client had perfected the appeal to the Supreme Court without his knowledge.

On the 18th April, 1876, the appeal to the Supreme Court was dismissed, as no bond for costs had been filed as required by the statute.

The petitioner in this case put in the testimony of Holokahiki, Akepo and Aumai, who swear that they were present in the Police Court at the time when the appeal was noted, and though they use various and untechnical terms in describing the Court to which the appeal was, as they understood it, taken; yet, I must take them as intending the Appellate Court—a Justice of the Supreme Court sitting as the Intermediary Court for the Island of Oahu, under the Act of 1874.

Mr. Wilcox, the interpreter of the Police Court, also understood the appeal to be taken to the same Court.

Although I dislike very much to make any ruling that would contradict the written memoranda taken in good faith at the time, yet as there is a grave doubt as to the correctness of these

memoranda, I prefer to give the party appealing the benefit of this doubt, deeming that the interests of justice will be better subserved in this way.

The rule may be made absolute without costs.

*L. Keliipio,* for petitioner.

*J. P. Green,* for the respondent.

Honolulu, May 8th, 1876.

